[Cite as *Bradford v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-7419.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Pele K. Bradford, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 17AP-51 |
| | | (Ct. of Cl. No. 2016-00621) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on August 31, 2017

**On brief:** *Pele K. Bradford*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Amy S. Brown*, for appellee.

APPEAL from the Court of Claims of Ohio

TYACK, P.J.

{¶ 1} Pele K. Bradford is appealing from the dismissal of his lawsuit claiming that he is wrongfully imprisoned. He assigns four errors for our consideration:

> [I.] THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO ADDRESS THE ISSUE OF THE ABSENCE OF ANY INDICATION OF JOURNALIZATION BY THE CLERK OF COURT ON THE FACE OF THE PURPORTED JUNE 8, 2004 JUDGMENT ENTRY, PURUSANT TO CIV. R. 58 AND CRIM. R. 32(B), IN THE FIRST INSTANCE INSIDE THE TRIAL COURT'S ENTRY OF DISMISSAL; THEREBY FAILING TO CREATE AN ENTRY SUFFICIENT TO PERMIT APPELLATE REVIEW.

[II.] THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING THE DEFENDANT'S MOTION TO DISMISS PURSUANT TO CIVIL RULE 12(B)(1) AND/OR (6) WITHOUT EMPLOYING A PROPER LEGAL ANALYSIS AS ANNOUNCED BY THE TENTH APPELLATE DISTRICT COURT.

[III.] THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING APPELLEE'S MOTION TO DISMISS WHERE APPELLANT MET HIS BURDEN OF PROOF IN ESTABLISHING A PRIMA FACIE CASE OF FALSE IMPRISONMENT BY PROVING THAT HE WAS DETAINED AND/OR IMPRISONED BY APPELLEE.

[IV.] THE TRIAL COURT ERRED BY FAILING TO FIND THAT THE JUNE 8, 2004 PURPORTED JUDGMENT ENTRY WAS FACIALLY INVALID DUE TO THE ABSENCE OF ANY INDICATION OF JOURNALIZATION BY THE CLERK PURSUANT TO CIV. R. 58 AND CRIM. R. 32(B).

{¶ 2} As can be ascertained from the assignments of error, Bradford claims that he is wrongfully imprisoned because he believes that the entry which sentenced him was never journalized. In fact, the entry sentencing him for aggravated murder in 2004 was journalized. The judgment entry was not facially invalid. As a result, he is incarcerated based upon a valid conviction and a journalized sentencing entry.

{¶ 3} The four assignments of error are overruled. The dismissal of Bradford's lawsuit against the Ohio Department of Rehabilitation and Correction is affirmed.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

———————————